IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES L. FREY, individually and on behalf of other similarly situated,** | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:11-CV-2598-L** |
| **EGLOBAL ATM,** | § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Memorandum In Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), filed June 29, 2012;[1] Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, filed on July 16, 2012; and Defendant's Reply Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), filed on July 26, 2013.[2] After careful consideration of the motion, response, reply, record, and applicable law, the court **denies** Defendant's Motion to Dismiss.

---

[1] The docket sheet does not reflect that Defendant eGlobal ATM ever filed a document titled "Defendant's Motion to Dismiss." Given the substance of Defendant's Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), it is clear to the court by this document Defendant seeks to have this action dismissed. Accordingly, the court treats it as Defendant's Motion to Dismiss, even though it is not in compliance with Local Civil Rule 7.1 of this district.

[2] Plaintiff filed two supplemental briefs, Plaintiff's Notice of Supplemental Authority in Opposition to Defendant's Motion to Dismiss, on January 25, 2013; and Plaintiff's Second Notice of Supplemental Authority in Opposition to Defendant's Motion to Dismiss on February 25, 2013, without first seeking leave of court. Defendant filed an objection to Plaintiff's Notice of Supplemental Authority in Opposition to Defendant's Motion to Dismiss, on February 8, 2013, arguing that it was untimely pursuant to the local rules and procedures of this court. In its objection to Plaintiff's supplemental brief, however, Defendant also included additional argument and authority of its own in support of its Motion to Dismiss. The court will not consider the supplemental briefs or additional authorities of either party because neither sought leave of court before filing these items with the court. *See* Local Civil Rule 56.7 ("Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence.").

**Memorandum Opinion and Order - Page 1**

**I.      Background**

James L. Frey ("Frey" or "Plaintiff") brought this action, individually, and on behalf of others similarly stituated, on October 3, 2011 against eGlobal ATM ("eGlobal" or "Defendant") alleging violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("the EFTA"), and its implementing regulations, Regulation E, 12 C.F.R. § 205 *et seq.*  The EFTA requires that any automated teller machine ("ATM") operator "who imposes a fee on any consumer for providing host transfer services" to provide notice that a fee is being imposed and the amount of the fee. 15 U.S.C. § 1693b(d)(3)(A).  The notice must be posted in two places: (1) "in a prominent and conspicuous location on or at" the ATM; and (2) on the screen of the ATM, or on a paper notice from the ATM before the fee is assessed. *Id.* § 1693b(d)(3)(B).

Plaintiff alleges that while using an ATM located at the Westin Park Central Hotel, in Dallas, Texas, to conduct an electronic funds transfer, Defendant imposed an ATM fee without providing any posted notice as required by the EFTA.  Specifically, Plaintiff states that the ATM did not have any sign affixed to it or in close proximity to it warning consumers of the ATM surcharge.  Plaintiff seeks, on behalf of himself and the proposed class, statutory damages, costs and attorney's fees.

On June 29, 2012, Defendant moved to dismiss this action for lack of subjection matter jurisdiction.  Defendant contends that, because Plaintiff has not suffered an injury-in-fact, he has no standing to bring this suit, and accordingly, the action should be dismissed.  The court disagrees.

**II.     Standard for Rule 12(b)(1) Motion to Dismiss Based on Lack of Standing**

Article III of the Constitution "confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984).  A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in

cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats O ljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

The doctrine of standing "has its origins in both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 319 (5th Cir. 1999) (internal quotations omitted). Standing "focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated" and deals with "the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of

**Memorandum Opinion and Order - Page 3**

particular issues." *Id.* at 869 (citation omitted). As a general rule, standing must exist at the time an action is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.4 (1992); *Pederson*, 213 F.3d at 870.

To establish standing, a plaintiff must satisfy constitutional and prudential requirements for standing. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). For constitutional standing, there must be: (1) injury in fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). Prudential standing requirements address:

> [ (1) ] whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, [ (2) ] whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and [ (3) ] whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (internal quotations and citations omitted).

**III.   Analysis**

Defendant, citing a Nebraska district court case, contends that failure to give notice under the EFTA does not constitute an injury in fact. *See Charvat v. First Nat'l Bank of Wahoo*, No. 8:12-CV-97, 2012 WL 2016184, at *2-3 (D. Neb. June 4, 2012). The *Charvat* case is only one of many district court cases addressing this issue, and the only one to the court's knowledge, that has ruled that failure to give notice does not constitute an injury in fact. The majority of federal courts has held that the violation of statutory notice requirement under the EFTA confers standing on plaintiffs like Frey. *See Frey v. First Nat'l Bank Sw.*, 11-CV-3093-N-BF, at 4 (N.D. Tex. Feb. 20, 2013); *Bell*

*v. First Bank of Richmond*, No.1:12-cv-00965-JMS-DKL, 2013 WL 123615, at *2 (S.D. Ind. Jan. 7, 2013); *Kinder v. United Bancorp. Inc.*, No. 11-CV-10440, at *2-3 (E.D. Mich. Sept. 28, 2012); *Mabary v. Hometown Bank*, N.A., No. 4:10-CV-3936, 2012 WL 3765020, at *3 (S.D. Tex. Aug. 30, 2012); *Zabienski v. ONB Bank & Trust*, No. 12-CV-0130-CVE-TLW, 2012 WL 3583020, at *4 (N.D. Okla. Aug. 20, 2012); *Sucec v. The Greenbriar*, No. 5:11-CV-00968, 2012 WL 3079212, at *1 (S.D. W. Va. July 30, 2012); *Campbell v. Hope Cmty. Credit Union*, No. 10-2649-STA, 2012 WL 423432, at *3 (W.D. Tenn. Feb. 8, 2012); *Kinder v. Dearborn Fed. Sav. Bank*, No. 10-12570, at *2 (E.D. Mich. Dec. 20, 2011); *In re Regions Bank ATM Fee Notice Litig.*, No. 2:11-MD-2202-KS-MTP, 2011 WL 4036691, at *4 (S.D. Miss. Sept. 12, 2011).

The court agrees with the reasoning of the majority of those courts. Congress provided for two forms of damages for violation of the notice provisions of the EFTA: actual damages and statutory damages. 15 U.S.C. § 1693m(a). The court determines that Congress, by providing for statutory damages, "intended to create a mechanism of redress for statutory violations even if those violations do not result in actual damages." *Frey*, 3:11-CV-3093-N-BF, at 4. "The actual or threatened injury required by Article III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Mabary*, 2012 WL 3765020, at *3 (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Here, the EFTA creates a legal right to notice of a fee for an electronic funds transaction, and the failure to receive such notice in one of the statutorily mandated forms, is, in itself, an injury in fact.

In its motion to dismiss, Defendant references a quote made by Chief Justice Roberts during oral argument of *First American Financial Corporation v. Edwards*, 610 F.3d 514 (9th Cir. 2010),

*cert. dismissed*, 132 S. Ct. 2536 (2012), a case, it argues, is related to the present one. According to Defendant, Chief Justice Roberts stated:

> You said violation of a statute is injury in fact. I would have thought that would be called injury in law. And when we say . . . that what is required is injury in fact, I understand that to be in contradistinction to injury in law. And when you tell me all that you've got . . . is violation of the statute, that doesn't sound like injury in fact.

The Supreme Court later dismissed the grant of *certiorari* in the *First American* case as improvidently granted. The court notes that the isolated comments of one justice during oral argument is not binding authority on this court.

Finally, Defendant argues that the court is bound by precedent set out in *Cargill, Inc. v. United States*, 173 F.3d 323 (5th Cir. 1999), which it argues requires more than statutorily-defined injury, but an actual injury in fact. The court disagrees. In *Cargill*, mine owners brought suit claiming, among other things, that the National Institute for Occupational Safety and Health failed to follow notice requirements under the Federal Advisory Committee Act for the renewal of an advisory committee. 173 F.3d at 332. The Fifth Circuit held that the plaintiffs did not suffer an injury in fact because they had actual notice of the meetings. *Id. Cargill* is distinguishable from the present case in that there was no express statutory cause of action for violating the notice requirement. In *Cargill*, the notice rule was merely a procedural rule, not a substantive right, afforded to the plaintiffs by the law at issue. "Because the statute in *Cargill* was procedural, the plaintiffs were required to show some injury *other than violation of the statute because the statute did not provide them with any statutory rights.*" *Frey*, 3:11-CV-0393-N-BF, at 5-6.

The court holds that the statutory violation of the EFTA is sufficient to meet Article III's injury in fact requirement. Accordingly, Frey has standing to assert his claims, and the court will deny Defendant's Motion to Dismiss.

**Memorandum Opinion and Order - Page 6**

## IV. Conclusion

For the reasons herein stated, the court determines that Plaintiff has standing to bring this action. Accordingly, the court **denies** Defendant's Motion to Dismiss.

**It is so ordered** this 15th day of March, 2013.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge